EDWARD HAUBROCK ET AL. V. ABRAHAM LOEB.

FILED JANUARY 22, 1896. No. 5991.

Conflicting Evidence: REVIEW. When the record presents questions of fact only, as to which the evidence is conflicting, and apparently evenly balanced, a verdict or finding based thereon will not be disturbed by this court.

ERROR from the district court of Adams county. Tried below before BEALL, J.

*A. H. Bowen,* for plaintiffs in error.

*Capps & Stevens, contra.*

POST, C. J.

This action originated before a justice of the peace for Adams county, where the defendant in error sued to recover upon a note alleged to have been executed by the defendants below, plaintiffs in error, to one George S. Clute. It was from thence taken by appeal to the district court for said county, where a trial was had, resulting in a verdict and judgment for the plaintiff therein, and which it sought to reverse by means of this proceeding. In the petition below is alleged the execution of the note and the purchase thereof by the plaintiff, for value, before maturity in the usual course of business. The answer is a general denial. The judgment is assailed in this court upon the sole ground that the evidence fails to establish the execution of the note sued on.

Two witnesses, Clute, the payee above named, and one Bickford, testified positively to the signing and delivering of the note in their presence, and were to some extent corroborated by the witnesses Hamen and Slaker, who identified the disputed signatures as genuine from personal acquaintance with the writing of the defendants, and also from comparison with their acknowledged signatures. The defendants on the other hand denied the execution of the note, but admitted the signing of some paper at the time to which reference was made by the plaintiff's witnesses. The finding of the jury, based upon the conflicting evidence above stated, must, in this proceeding, be regarded as conclusive. The rule which governs in like controversies has been

many times asserted by this court and is fittingly illustrated by the case at bar. We discover no error in the record and the judgment is accordingly

AFFIRMED.